UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| Juan VALERA<br>(A36 817 615)<br>    Plaintiff<br><br>Vs.<br><br>Dennis Riordan, District Director Boston, U.S.<br>Citizenship & Immigration Services (USCIS),<br>Eduardo Aguirre, Jr., Director of USCIS, and<br>Thomas Ridge, Secretary, Department Of<br>Homeland Security<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR WRIT IN THE NATURE OF A MANDAMUS AND FOR DECLARATORY JUDGMENT OF NATURALIZATION PURSUANT TO 8 U.S.C. §1421(c)

### PLAINTIFF

1. Plaintiff, Juan Valera, is an individual and an applicant for naturalization who resides within the jurisdiction of this court.

### DEFENDANTS

2. Defendant, Dennis Riordan, is the District Director of the Boston Office of the United States Citizenship & Immigration Services (USCIS), an agency of the United States Government, and he is sued herein in his official capacity.

3. Defendant, Tom Ridge, is the duly appointed Secretary of Homeland Security and charged under the law 8 U.S.C. §1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act, including applications for Naturalization and is sued herein in his official capacity.

4. Eduardo Aguirre, Jr. is the duly appointed Director of USCIS, and charged under the law, 8 U.S.C. §1103(c), with the implementation of benefits under the Immigration and Nationality Act and is sued herein in his official capacity.

## JURISDICTION

5. The Court has jurisdiction of this action for Mandamus pursuant to 28 U.S.C. §§1361 ("The Mandamus Act") and 5 U.S.C. §§ 551, et. seq. (" The Administrative Procedures Act"). Jurisdiction for Declaratory Judgment of Naturalization is taken pursuant to 8 U.S.C. §1421(c). Relief is requested pursuant to said statutes.

## FACTUAL ALLEGATIONS

6. On or about December 17, 2001, the plaintiff filed his application for Naturalization under 8 U.S.C. §§1421 et seq. with the Boston office of the Immigration and Naturalization Service (the predecessor to USCIS). His application was denied by the Immigration and Naturalization Service on October 10, 2002. The basis for the denial was that the applicant had "committed unlawful acts that adversely reflect upon the applicant's moral character". 8 C.F.R. 316.10 (b)(3)(iii). (see attached Exhibit A)

7. The plaintiff, on October 28, 2002, filed an administrative appeal of the denial on naturalization pursuant to 8 U.S.C. §1447. (see attached Exhibit B) An interview on the administrative appeal was conducted at USCIS Boston, on July 24, 2003.

8. The defendants, by their own regulation, are required to adjudicate this appeal within 180 days of filing. 8 C.F.R. §336.2(b) but have refused, neglected and failed to do so.

9. Plaintiff, by and through counsel and by and through the inquiry of the office of Congressman John F. Tierney, has repeatedly inquired of the defendants as to the status of the matter. However, the defendants have taken no action on Plaintiff's case in spite of the fact that two years have passed since the filing of the administrative appeal. The applicant by and through the undersigned attorney has without success appealed directly to District Director Riordan's office requesting an adjudication of the application.

10. Defendants' refusal to adjudicate this claim is, as a matter of law, arbitrary and not in accordance with the law.

11. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

12. The defendants, in violation of the Administrative Procedures Act. 5 U.S.C §§551, et seq., is unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiff's case.

13. Plaintiff has a right to have Defendants adjudicate his application, and Defendant's failure to take any action at all has denied Plaintiff his rights under 8 U.S.C. §1421 and 8 U.S.C. §1447.

14. Defendants' inaction represents a denial of Plaintiff's application, and this Court may review the mater de novo under 8 U.S.C. §1421(c) and 1447(b).

15. Plaintiff has exhausted his administrative remedies.

16. Plaintiff desires a judicial determination of his naturalization as a citizen of the United States.

WHEREFORE, Plaintiff requests:

A. The Court will hear Plaintiff's case and render a declaratory Judgment that his is entitled to be naturalized; and/or

B. That the defendants be ordered to have their agents process his case to a conclusion;

C. For reasonable attorney's fees; and

D. For such other and further relief as to this Court may seem proper.

Respectfully Submitted,
Juan Valera,
By His Attorney,

Michael P. Martel, Esq.
41 Ocean Street
Lynn, MA  01902
(781) 593-8550
BBO#544842

Date: 12/20/04

# ATTACHMENT TO FORM N-335

File Number: A036817615

Date: OCT 1 0 2002

Title Eight, Section 316.10 (a)(1) of the Code of Federal Regulations states that an applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. Title Eight, Section 316.10 (b)(3)(iii) of the Code of Federal Regulations states that an application will not be approved if an applicant has committed unlawful acts that adversely reflect upon the applicant's moral character.

You filed your application on December 17, 2001. According to the documentation you submitted in support of your application, you were arraigned for assault & battery and assault & battery with a dangerous weapon on June 6, 1998. On September 29, 1998, sufficient evidence was presented to the court to warrant ordering you to stay away from the victim and placing you on probation. On November 1, 1994, you were arrested for unnatural acts and prostitution. On November 2, 1994, the court made a finding of sufficient facts and ordered you to pay a fine and placed you on probation.

Accordingly, your application for naturalization is hereby denied pursuant to Title Eight, Section 316.10(b)(3)(iii) of the Code of Federal Regulations.

U.S. DEPARTMENT OF JUSTICE
IMMIGRATION & NATURALIZATION SERVICE
BOSTON, MA

In RE: Juan VALERA )
     A36 817 615    )

### MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR HEARING DENYING NATURALIZATION (N-336)

I. **Factual Background**

The applicant for naturalization, Juan Valera, was born February 8, 1949, in the Dominican Republic. He has been a lawful permanent resident of the United States since May 9, 1980. He is married to a naturalized United States citizen, Teresa Vargas, (Certificate No. 24956001).

On December 17, 2001, Mr. Valera filed his application for United States citizenship. He was interviewed on June 27, 2002, in Boston. At the interview, he provided certified copies of several criminal cases that been previously brought against him. On October 10, 2002, the Service denied the application on the basis that he had failed to meet his burden of demonstrating that during the statutory period, he has been and continues to be a person of good moral character.

The denial specifically refers to two separate criminal cases as the basis to invoke 8 CFR 316.10 (b) (3) (iii) which states that an application may not be approved if the applicant has "committed unlawful acts that adversely reflect upon the applicant's moral character."

II. **Issue**

Whether the applicant has committed unlawful acts that adversely reflect upon the applicant's moral character as described in 8 CFR 316.10 (b) (3) (iii)?

III. Argument

8 CFR 316.10 (b) (3) (iii) provides that "... the applicant shall be found to lack good moral character, if, during the statutory period, the applicant... has committed unlawful acts that adversely reflect upon the applicant's moral character..."

The denial invoking the above provision refers to two criminal cases that were lodged against Juan Valera.

CASE NO. 1 (Ex. 3 attached)

Lynn District Court

Docket No.: 9813 CR 0031151
Charges: (1) Assault and Battery (2) Assault and Battery with dangerous weapon.
Date of Complaint: June 8, 1998.
Disposition: Dismissed September 28, 1998.

The service has entirely misinterpreted the disposition of this case and its legal significance on an application for citizenship.

The Service's decision correctly states that Mr. Valera was arraigned on these charges on June 8, 1998. The Service's denial incorrectly concludes that "sufficient evidence was presented to the court to warrant ordering you to stay away from the victim and placing you on probation." This is a misreading of the docket sheet and illustrates a misunderstanding of the disposition which occurred in this case. A proper review of the court record shows that on September 29 1998 Judge David Lowy of the Lynn District Court issued a stay away order and generally continued the case until August 27, 1999 at which time it was dismissed outright by Judge Joseph Dever.

The interpretation by the Service that sufficient facts were presented to the court to issue a stay away order is without any factual foundation or basis in the record and is not consistent with Massachusetts criminal practice and procedure. A stay away order is standard and routinely issued in cases which allege assault. There is no procedural requirement that the prosecution present or that the court find any level of proof or facts prior to its issuance.

In fact a review of the certified docket sheet specifically shows that no guilty plea or admission to sufficient facts was tendered by Mr. Valera. The case was not continued without a finding but was dismissed outright by the court. There was no probation supervision ordered either pretrial or subsequent to a disposition.

The fact that a case is "generally continued" with conditions that the defendant comply with a stay away order during the continuance period does not mean that the trial court has placed the defendant on probation. Commonwealth v. Taylor 428 Mass 623, 626 (1999). In fact, the criminal docket sheet presented shows specifically that pretrial probation pursuant to M. G. L. C. 276 §87 was not ordered in this case.

In short, the charges lodged against the defendant were dismissed outright by Judge Dever of the Lynn District Court on August 27, 1999. There was no admission to sufficient facts, there was no plea of guilty, there was no finding of guilt, there was no probation ordered nor were there any other penalties or restraints on liberties ordered by the court. Therefore, the Service's conclusion that this case is evidence that the applicant has committed an unlawful act during the statutory period is entirely incorrect.

### CASE NO. 2 (Ex. 4 attached)

**Lynn District Court**

Docket No.: 9413 CR 7449
Charges: (1) Unnatural Acts, (2) City of Lynn ordinance -prostitution.
Date of Complaint: November 2, 1994.
Disposition: Continued without a finding until February 2, 1995. Dismissed February 28, 1995; $300 court costs.

On November 2, 1994, the day of arraignment, the court found sufficient facts and the charges were continued without a finding for ninety days until February 2, 1995. The court also ordered payment of court costs in the amount $300. The court dismissed the charges on February 28, 1995.

The Service's decision denying naturalization states that Mr. Valera was "ordered to pay a fine and placed on probation." Both statements are incorrect. A review of the docket shows no record of any order from the court that Mr. Valera be placed on or be supervised by the probation department during the continuance

period.

The service also incorrectly concludes that Mr. Valera was "ordered to pay a fine". It is true that the court ordered payment of court costs. However, court costs are not fines and are not imposed as a penalty for a crime. M. G. L. C. 280 §6. Rather court costs are imposed as an expense for prosecution. Com. v. Zawatsky 670 N.E. 2d 969.

Although the court did find sufficient facts in this case to warrant a finding of guilty, the case was ultimately dismissed on February 28, 1995 without a finding of guilty. The applicant concedes that in certain cases a finding of sufficient facts may constitute a conviction for immigration purposes. INA§101 (48) That provision defines the term conviction to include findings of sufficient facts if "the judge has ordered some form of punishment, penalty or restraint on the alien's liberty imposed." In the case under discussion there was neither any penalty nor restraint imposed since court costs by state law are not a penalty and since no probation supervision was ordered by the court. Since the disposition is not a conviction under either state or federal law, it would be incorrect to then interpret this matter as an "unlawful act" for purposes of establishing good moral character as the Service has done in its denial of naturalization. Furthermore, the charge occurred outside the statutory period and therefore a reference to 8 C.F.R 316.10 (b) (3) (iii) is inappropriate.

## CONCLUSION

In sum, the Service's inaccurate reading of the docket sheets of two arrests informs its conclusion that the applicant has failed to establish good moral character provided for in 8 C.F.R. §310. The reference by the Service that the applicant has "committed unlawful acts that adversely reflect upon the applicant's moral character" as stated in 8 C.F.R 316.10 (b) (3) (iii) is clearly wrong.

Rather a proper review of the record proves that the applicant has established that during the statutory five year period prior to filing his application, he has maintained a record free of convictions, crimes, or other unlawful acts for which he has not been charged. Furthermore, there is no conduct which falls below the standard of the average citizen in the community of Residence.

For the above-stated reasons, the applicant request favorable adjudication of his application for naturalization or another hearing on the matter.

Respectfully submitted,
Juan Valera,
By His Attorney,

Michael P. Martel, Esq.
Ross, Martel & Silverman LLP
41 Ocean Street
Lynn, MA 01902
(781) 593-8550
BBO#544842

Date: 10/29/02

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Juan VALERA

**DEFENDANTS** Dennis Riordan, District Director Boston, United States Citizenship & Immigration Services (USCIS), Eduardo Aguirre, Jr., Director of USCIS, and Thomas Ridge, Secretary, Department of Homeland Security

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Martel, Esq.
41 Ocean Street
Lynn, MA 01902
(781) 593 8550

Attorneys (If Known)
Office of U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748 3100

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☒ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff seeks (1) Declaratory Judgment of Naturalization pursuant to 8 U.S.C. 1421(C), and (2) Writ of Mandamus pursuant to 28 U.S.C. 1361 et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __VALERA v. RIORDAN__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael P. Martel, Esq.__
ADDRESS __41 Ocean Street, Lynn, MA 01902__
TELEPHONE NO. __(781) 593 8550__

(Coversheetlocal.wpd - 10/17/02)